## CIRCUIT COURT OF CHESTERFIELD COUNTY

Moore

v.

Boswell

January 7, 1988

Case No. (Law) 2253-87

By JUDGE WILLIAM R. SHELTON

I have considered the arguments and memoranda presented in the above-styled case regarding the defendant's motion to dismiss. This lawsuit arises from an automobile accident occurring on May 1, 1984. Suit was filed April 14, 1986, in this Court. Service was not obtained on the defendant and the plaintiff suffered a non-suit on August 17, 1987. The nonsuit order was endorsed and entered without objection by the defendant. The plaintiff again filed suit against the same defendant on September 8, 1987, and obtained service on the defendant on September 11, 1987.

The defendant argues the pending suit should be dismissed because Rule 3:3 of the Supreme Court provides "No judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the Court finds as a fact that the plaintiff exercised due diligence to have timely service on him." It is true that service was not obtained on the defendant within one year of the filing of the first suit. However, it is also true that a plaintiff has, as a matter of right, the ability to take a non-suit pursuant to Va. Code Section 8.01-380.

I am of the opinion that when the plaintiff took the non-suit and filed suit again within six months, the second suit constituted a new suit, independent and

separate from the non-suited action. Therefore, the defendant's Motion to Dismiss is overruled. The time-barring language of Rule 3:3 applies to the pending action and has no bearing on the nonsuited action.